JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNTEX HEALTHCARE PRODUCTS CO., LTD., a Limited Liability Chinese Company, and SHIJIAZHUANG HONGRAY GROUP CO., LTD., a Limited Liability Chinese Company,<br><br>Plaintiffs,<br><br>vs.<br><br>McCRELESS ENTERPRISES, LLC, a Texas Limited Liability Company,<br><br>Defendant. | Case No. 5:21-cv-00593-JGB-(SPx)<br><br>**JUDGMENT**<br><br><br>Date:     June 5, 2023<br>Time:    9:00 a.m.<br>Ctrm.:   Riverside, Courtroom 1<br>Judge:  Honorable Jesus G. Bernal |

Before the Court is Plaintiffs Syntex HealthCare Products Co., Ltd. ("Syntex") and Shijiazhuang Hongray Group Co., Ltd.'s ("Hongray," together with Syntex, "Plaintiffs") Motion for Default Judgment against Defendant McCreless Enterprises, LLC ("Defendant").  Having reviewed the Motion and the arguments relative thereto, and further in view of the admitted facts of the First Amended Complaint [Doc. 38] and other evidence adduced by Plaintiffs, the Court hereby orders that the Motion is **GRANTED** as follows:

1. Judgment is entered for Plaintiffs and against Defendant pursuant to 15 U.S.C. § 1125(a) for willfully seeking to cause consumer deception as to the affiliation, connection, or association of the counterfeit gloves with Plaintiffs.

2. Judgment is entered for Plaintiffs and against Defendant for Unfair Competition in Violation of California Business and Professions Code § 17200, for advertising, promoting, and selling counterfeit products under Hongray's brand name to cause confusion, mistake, or deception as to the affiliation, connection, or association of the counterfeit gloves with Plaintiffs, and for selling counterfeit products using Syntex's 510(k) number without authorization.

3. By the foregoing acts, Defendant has irreparably injured Plaintiffs and caused Plaintiffs to suffer a substantial loss of goodwill and reputation, and such injury will continue unless they are enjoined by this Court. The Court therefore enjoins Defendant from using the name "Hongray," or any name confusingly similar thereto, in connection with the distribution, sale, marketing, advertising, or promotion in the United States of personal protective equipment. Defendant is further enjoined from inducing any other entity or person to engage in such conduct or contributing to such conduct by any third party.  Defendant is further enjoined from selling patient examination gloves based on Syntex's 510(k) number, or otherwise advertising that its patient examination gloves are authorized under Syntex's 510(k) number. The Court shall retain jurisdiction

4867-5107-1835.2

to administer the Injunction and ensure compliance therewith, whether by contempt proceedings or as otherwise necessary.

4.  Defendant has unlawfully profited at least in the amount of $5 million from its unlawful conduct. Plaintiffs are therefore entitled to Defendant's profits in an amount of $5 million pursuant to 15 U.S.C. § 1117(a).

5.  Pursuant to 15 U.S.C. § 1117(a) and Local Rule 55-3, Defendant is liable to Plaintiffs for $105,600 in attorneys' fees.

6.  Defendant is liable to Plaintiffs for post-judgment interest in the amount set by statute pursuant to 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

DATED: June 2, 2023

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE